UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. 1:20-cr-01686-JCH

JOSE CISNEROS-LEGARDA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Jose Cisneros-Legarda's Opposed Motion to Sever Offenses (ECF No. 37). After considering the motion, the Government's opposition (ECF No. 38), and arguments of the parties, the Court concludes that the motion will be denied.

**I.     BACKGROUND**

According to the criminal complaint, Defendant was on state probation for 2017 felony convictions for armed robbery and conspiracy to commit armed robbery. Criminal Compl. ¶ 2, ECF No. 1. In mid-January 2020, while detained at the Bernalillo County Metropolitan Detention Center (MDC) for a probation violation, Defendant allegedly made jailhouse calls discussing a murder-for-hire scheme, firearms, and buried U.S. currency. *Id.* ¶¶ 3-4. He spoke with family and friends about a $45,000 "murder contract" placed on him and discussed accessing money and guns buried at his grandfather's house and how to secrete those items. *Id.* ¶ 4.

In late January 2020, Defendant was released from jail and placed on an ankle monitor. *Id.* ¶¶ 6-7. From January to April 2020, officers monitored his social media postings which allegedly indicating that he was selling drugs. *Id.* ¶ 8. On April 8, 2020, he allegedly posted an

image on Facebook Live showing a .45 pistol in his possession as he drove around. *Id*. ¶ 10. The next day, April 9, officers did a probation search of Defendant's residence and vehicles. *Id*. ¶ 13. The search allegedly revealed three loaded pistols and a baggie of about 26.7 grams of heroin. *Id*.

In September 2020, a federal grand jury indicted Defendant for possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1), for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and for possessing a firearm despite his 2017 felony convictions in violation of 18 U.S.C. §§ 921(g)(1) and 924 (Count 3). Indictment, 1-3, ECF No. 5.

On August 20, 2021, Defendant moved to sever Count 3 from Counts 1 and 2, which the Court will discuss in more detail below.

## II.     STANDARD OF REVIEW

Federal Rule of Criminal Procedure 8(a) provides for joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Janus Indus*., 48 F.3d 1548, 1557 (10th Cir. 1995).[1]

Even if joinder is proper under Rule 8, a court may separate trials if the joinder of offenses appears to prejudice a defendant. Fed. R. Crim. P. 14(a). The decision whether to grant or deny severance is within the discretion of the trial court. *United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994). The defendant bears a heavy burden of showing real prejudice in his case sufficient to warrant severance. *Id*. at 1518. "To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to his defense that

---

[1] Defendant concedes that the three offenses were properly joined. *See* Mot. at 2. Thus, the Court focuses only on whether severance of the counts is required.

outweighs the expense and inconvenience of separate trials." *United States v. Thomas*, 849 F.3d 906, 911–12 (10th Cir. 2017). "It is not enough to show that separate trials may have afforded a better chance of acquittal." *Id.* at 912. Rather, "a defendant must point to a specific trial right that was compromised or show the jury was prevented from making a reliable judgment about guilt or innocence." *United States v. Pursley*, 474 F.3d 757, 766 (10th Cir. 2007).

The court should consider other remedial measures that will minimize the risk of prejudice. *See United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989). Limiting instructions often will cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993). Nevertheless, when joinder is based on the similar character of the offenses, prejudice to the defendant is more likely because proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules against evidence of propensity to commit crime. *See United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1993).

### III.  DISCUSSION

To recap, Defendant has a 2017 felony record for (1) armed robbery and (2) conspiracy to commit armed robbery. Defendant argues that to prove the felon-in-possession element of Count 3, the Government will tell the jury that he is a convicted felon, which will portray him as having a criminal propensity and the jury will infer that he is guilty of Counts 1-2 unless severance is granted. He also argues that a separate trial would be economical and that the Court should limit evidence of Defendant's probation status.

"The Supreme Court has recognized the risk of trying a felon-in-possession charge with other counts in a single trial." *United States v. Mazon*, No. 1:18-CR-2208-JCH-1, 2020 WL 1450566, at *3 (D.N.M. Mar. 25, 2020) (citing *Currier v. Virginia*, 138 S. Ct. 2144, 2151 (2018)). "The risk, of course, is that a combined trial of a felon-in-possession count with other

counts allows the prosecutor to inform the jury of a defendant's felony record, which could run afoul of Federal Rule of Evidence Rule 404(b)'s prohibition on propensity evidence." *Id.* (citing *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986)); *United States v. Huntsberry*, 956 F.3d 270, 287 (5th Cir. 2020) ("[f]elon-in-possession-of-a-firearm charges present special prejudice concerns that are not reflected in the usual presumption in favor of joinder because, absent severance, the jury will hear evidence of a defendant's prior felonies that would otherwise be inadmissible.") (citation and quotation marks omitted). Nonetheless, severance is not presumptively required. *See United States v. Page*, 657 F.3d 126, 129–30 (2d Cir. 2011) ("we ... reject[ ] the notion that the fact of a prior felony conviction is so prejudicial that it necessarily precludes a fair trial.").

Even though the Court recognizes that joinder of the felon-in-possession count to the additional counts presents a risk, the Court nevertheless denies Defendant's motion. All three counts against Defendant arise from the same April 9, 2020 probation search of his alleged residence and vehicles and are therefore "based on the same act or transaction." *Mazon*, 2020 WL 1450566, at *4. This is not a case where police randomly or fortuitously "happened upon the guns" which form the basis for the felon-in-possession charge. *Huntsberry*, 956 F.3d at 288. Rather, officers searched Defendant's premises on April 9 in response to his Facebook post from the previous day indicating that he had a gun. Thus, there is a connection between the pistols allegedly found on Defendant's premises and the charged offenses. The "relationship of the charges" therefore "clearly grew out of [Defendant's] own conduct." *United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000). Although the jury will ultimately determine the Defendant's guilt or innocence, the pre-trial record does not indicate that the Government is attempting to strengthen a weak case by joining it with a strong case, or joining counts that are random or

unconnected. *Mazon*, 2020 WL 1450566, at *4; *Huntsberry*, 956 F.3d at 287-88 (noting that courts are "less inclined toward joinder when … the evidence for the other crimes was 'thin,' though legally sufficient; or when the prosecutor's motives for adding the charge seemed suspect or was merely a technique to introduce evidence of the defendant's bad character.") The Court therefore declines to sever the felon-in-possession count from the remaining counts for drug distribution and for possession of a gun in furtherance of a drug trafficking crime.

The Court makes this conclusion after considering judicial economy. *See United States v. Dirden,* 38 F.3d 1131, 1140 (10th Cir. 1994) (noting that trial courts must weigh any potential prejudice "against the obviously important considerations of economy and expedition in judicial administration.") (internal quotation marks omitted). Given that the charged offenses arose from a single premises search and officers' monitoring of Defendant's activities, there will presumably be significant overlap of witnesses and evidence. The burdens associated with two separate trials therefore do not outweigh the potential prejudice to Defendant.

Defendant additionally argues that the Court should limit evidence of Defendant's probation status "so the jury is unaware that Cisneros-Legarda was on probation for Armed Robbery and Conspiracy to Commit Armed Robbery." Mot. at 3. However, Defendant made his jailhouse calls while in custody for a probation violation. Those calls led police to monitor his social media, which in turn led to the premises search where the inculpatory evidence was found. As the Government rightly points out, "the jury should be permitted to hear the complete universe of facts," and the Court therefore denies Defendant's request. Resp. at 4-5. However, the Court orders the Government to ensure that evidence of Defendant being a probationer and in jail is not presented in such a way that it focuses the jury's attention on his purported criminal propensity. The prosecutor will limit evidence and examination to the bare facts of Defendant

being on probation and ensure that such evidence is touched on only marginally. Moreover, limiting instructions are assumed to reduce the risk of prejudice, and the Court will consider any of Defendant's requested instructions before trial.

It is therefore **ORDERED** that Defendant Jose Cisneros-Legarda's Opposed Motion to Sever Offenses **(ECF No. 37)** is **DENIED**.

**IT IS SO ORDERED**.

_____
HONORABLE JUDITH C. HERRERA
Senior United States District Judge