## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            No. Cr. 20-01686 JH

JOSE CISNEROS-LEGARDA,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on five pretrial motions filed by the United States and one motion in limine filed by Defendant Jose Cisneros-Legarda. Having considered the motions, the responses, the positions of the parties, and the applicable law, the Court will grant all the motions.

## I.      BACKGROUND

According to the criminal complaint, Defendant was on state probation for 2017 felony convictions for armed robbery and conspiracy to commit armed robbery. *See* Criminal Compl. ¶¶ 1-2, ECF No. 1. In mid-January 2020, while detained at the Bernalillo County Metropolitan Detention Center (MDC) for a probation violation, Defendant allegedly made jailhouse calls discussing a murder-for-hire scheme, firearms, and buried U.S. currency. *Id.* ¶¶ 3-4. He spoke with family and friends about a $45,000 "murder contract" placed on him and discussed accessing money and guns buried at his grandfather's house. *Id.* ¶ 4.

In late January 2020, Defendant was released from jail and placed on an ankle monitor. *Id.* ¶¶ 6-7. From January to April 2020, officers monitored his social media postings which allegedly

indicated that he was selling drugs. *Id*. ¶ 8. On April 8, 2020, he allegedly posted an image on Facebook Live showing a .45 caliber pistol in his possession as he drove around. *Id*. ¶ 10.  The next day, April 9, officers did a probation search of Defendant's residence and vehicles. *Id*. ¶ 13. The search allegedly revealed three loaded pistols and a baggie of about 26.7 grams of heroin. *Id*.

In September 2020, a federal grand jury indicted Defendant for possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1), for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 921(g)(1) and 924 (Count 3). Indictment 1-3, ECF No. 5.

## II.     THE COURT WILL GRANT THE UNOPPOSED MOTIONS

Defendant filed an *Unopposed Motion in Limine* (ECF No. 48), to prohibit the Government's witnesses from mentioning the crimes that caused Defendant to be a convicted felon and for which he was on probation at the time of his arrest. The Government does not oppose the relief requested but "reserves the Government's right to question Defendant about the offenses as 609 evidence should Defendant testify." Def.'s Unopposed Mot. 2, ECF No. 48. Given the agreement of the parties, the Court will grant Defendant's motion to bar mention of the offenses by the Government's witnesses. This ruling, however, does not preclude the Government from questioning Defendant about his crimes, should he testify at trial, and the Court will reserve this latter issue for trial.

As for the motions filed by the United States, Defendant does not oppose four of the motions. *See* Def.'s Partial Resp. to Gov.'s Mots. In Limine, ECF No. 54. This Court will therefore grant the following four motions based on the parties' agreement: (i) the United States' *Motion in Limine to Exclude Duress Defense at Trial* (ECF No. 49); (ii) the United States' *Motion in Limine*

*to Prohibit Discussion of Plea Negotiations in Front of the Jury* (ECF No. 51); (iii) the United

States' *Motion in Limine to Exclude Any Reference to Penalties or Sentencing Before the Jury*

(ECF No. 52); and (iv) the United States' *Motion in Limine to Prohibit Unfounded Allegations of*

*Government Misconduct* (ECF No. 53).

## III.   THE COURT WILL GRANT THE UNITED STATES' OPPOSED MOTION IN LIMINE AND PERMIT THE GOVERNMENT TO INTRODUCE THE IDENTIFIED PHOTOGRAPHIC AND VIDEO EVIDENCE

The United States additionally filed a *Motion in Limine and Notice of Intent to Introduce*

*Evidence as Res Gestae and/or Prior Bad Acts pursuant to Federal Rule of Evidence 404(b)* (ECF

No. 50), which Defendant opposes. The United States moves the Court for an order permitting it

to introduce at trial screenshots and recorded clips of Facebook Live videos that Defendant

purportedly filmed of himself in possession of firearms and large amounts of United States

currency in the weeks leading to the search of his home and photographs he posted of his various

vehicles (where, according to the Government, some of the evidence charged in this case was later

discovered). The Government contends the evidence is admissible as *res gestae* evidence or under

Federal Rule of Evidence 404(b).

Defendant argues that the photographs do not definitively show a large amount of currency,

but rather, a stack of paper with a $100 bill on top without a link to drugs, paraphernalia, or other

illicit behavior in the photographs. Defendant thus contends that the photographs are irrelevant.

According to Defendant, the evidence of the currency and firearms are not being offered for a

proper purpose, it is irrelevant to the charges occurring on April 9, 2020, and the probative value

of the evidence is outweighed by its prejudicial effect.

Rule 401 states that evidence is relevant if "it has any tendency to make a fact more or less

probable than it would be without the evidence" and "the fact is of consequence in determining

the action." Fed. R. Evid. 401. A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. Rule 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove a person's character to show action that conforms to that character, but it allows evidence of other bad acts if admissible for other purposes, such as motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). Under Rule 404(b), evidence is admissible if (1) the evidence is offered for a proper purpose; (2) it is relevant; (3) its probative value is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court gives a proper limiting instruction, if the defendant so requests. *United States v. Moran*, 503 F.3d 1135, 1143-44 (10th Cir. 2007). Evidence of other bad acts should be admissible when those facts come in as *res gestae*— as part of the proof of the offense charged in the indictment or evidence that completes the story of the charged crime by proving its immediate context. *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (quoting *United States v. Gano*, 560 F.2d 990, 993 (10th Cir. 1977), *and United States v. Masters*, 622 F.2d 83, 86 (4th Cir.1980)). A bright line does not always separate evidence that is admissible for one of the purposes specified in Rule 404(b) and *res gestae* evidence. *Id.*

This Court does not need to determine whether the evidence constitutes *res gestae* evidence because, based on the Government's proffer, the photographic and video evidence is admissible under Rule 404(b). The evidence is offered for proper purposes, including Defendant's motive, intent to possess the firearms, knowledge of the firearms, or absence of mistake. The evidence is relevant to the charged crime because of those purposes and because it will explain why law enforcement went to search Defendant's home on April 9, 2020. The photographs of the vehicles are probative of whether Defendant had control over the vehicles in which the firearms and

narcotics were found. The evidence is far more probative than unfairly prejudicial. As to Defendant's arguments concerning the conclusions to be drawn from the photographs and videos, those arguments go to the weight to give the evidence, not to their admissibility. Assuming the proper foundation is laid at trial, the Court will permit the introduction of this evidence.

Defendant alternatively requests that, should the Court allow the admission of the evidence, the Court give a limiting instruction to the jury. The Court will grant this request. The parties should submit a joint limiting instruction regarding this evidence, if they can agree, by January 18, 2022, at 9 a.m. If the parties cannot agree on the language for such an instruction, the parties should submit their respective limiting instructions to the Court by the same deadline.

**IT IS THEREFORE ORDERED** that

1. Defendant's *Unopposed Motion in Limine* (**ECF No. 48**) is **GRANTED** but the Court reserves for trial the issue of the Government's right to question Defendant about the offenses for which he was convicted should he testify.

2. The United States' *Motion in Limine to Exclude Duress Defense at Trial* (**ECF No. 49**) is **GRANTED**.

3. The United States' *Motion in Limine and Notice of Intent to Introduce Evidence as Res Gestae and/or Prior Bad Acts pursuant to Federal Rule of Evidence 404(b)* (**ECF No. 50**) is **GRANTED**.

4. The United States' *Motion in Limine to Prohibit Discussion of Plea Negotiations in Front of the Jury* (**ECF No. 51**) is **GRANTED**.

5. The United States' *Motion in Limine to Exclude Any Reference to Penalties or Sentencing Before the Jury* (**ECF No. 52**) is **GRANTED**.

6. The United States' *Motion in Limine to Prohibit Unfounded Allegations of Government*

*Misconduct* (**ECF No. 53**) is **GRANTED**.

**SENIOR UNITED STATES DISTRICT JUDGE**